IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | |
|---|---|
| TIG Insurance Company, | ) |
|                Plaintiff, | ) |
| v. | ) Case No. 1:05cv24 |
| Chapman & Chapman, P.C., Charles Chapman, and Aruna Seth, | ) **ORDER** |
|                Defendants. | ) |

During a telephonic discovery hearing on May 18, 2006 on defendant Seth's motion to compel production of documents, the court directed plaintiff to submit *in camera* documents withheld from production on a claim of attorney-client privilege or work product. Plaintiff promptly submitted the documents, and following the court's *in camera* review, the court held another telephonic hearing on May 23, during which the court ruled as to each document in the submission. This order memorializes those rulings.

Initially, the court finds that plaintiff has not waived its attorney-client privilege or work product protection as to its communications and efforts in the underlying tort/securities fraud action. The court will address the discoverability of each of the disputed documents individually.

Documents 7, 8 and 13: entitled to both attorney-client privilege and work product protection.

Document 14: the redacted portion qualifies as work product.

Document 15 and 16: qualify as work product.

Document 17: covered by both attorney-client privilege and work product protection.

Document 18: Bates Nos. 417 and 418 are protected by attorney-client privilege and work product. Bates Nos. 419 and 420 have no protected content and will be produced.

Document 19: work product, and also recounts conversation with coverage counsel, so covered as well by attorney-client privilege.

Documents 20, 21 and 22: qualify both for work product and attorney-client privilege.

Document 23: work product, and because it records details of conversation with coverage counsel, also qualifies for attorney-client privilege.

Document 24: consists of delivery failure notices of email messages to coverage counsel forwarding messages received from Mr. Petrik or Mr. Schmitz, which defense counsel in this action already have. Additional message content from TIG representative to coverage counsel is protected by attorney-client privilege, so nothing to produce.

Document 26: consists of message from Mr. Schmitz to TIG representative which TIG forwarded to coverage counsel without any further content, so nothing to protect. Plaintiff will produce this document.

Document 27: entitled to both attorney-client privilege and work product protection.

Document 28: was omitted from *in camera* submission. Based on description during hearing, plaintiff will produce the forwarded email messages but not the content of any message directly between TIG representative and coverage counsel. That content may be redacted.

Document 29: same email messages as 24, so same result.

Document 30: typed portion is subject to attorney-client privilege, and handwritten notation is work product.

Document 31: same documents as 24 and 28, so same result. Also includes additional message to coverage counsel which is protected by attorney-client privilege.

Document 32: both typed portion and handwritten notation qualify as work product and as attorney-client privileged communication.

Document 34: qualifies as work product.

Document 35: plaintiff asserts privilege claimed by a third party. The court finds the document is not covered by privilege or work product protection, despite plaintiff's attempt to protect the position of the third party. The court directs that plaintiff produce this document over the objection of plaintiff.

To the extent the court finds a document is covered by work product protection only, plaintiff may further seek production by demonstrating sufficient degree of relevance and need. Any such application must be filed promptly.

Plaintiff will produce those documents for which the court has directed production by the end of this week. Defendants' response to plaintiff's motion for summary judgment must be filed and served (in plaintiff's counsel's hands) by June 9. Plaintiff must file and serve its reply brief by June 16.

In summary, **IT IS ORDERED** that defendant Aruna Seth's motion to compel production of documents (Doc. #45) is granted in part and denied in part, and defendant Aruna Seth's motion for extension of time to respond to summary judgment motion (Doc. # 47) is granted.

Dated:   May 25, 2006.

*Karen K. Klein*
Karen K. Klein
United States Magistrate Judge